**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **WILLIAM BURKE,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:23-cv-458 (MTT)** |
| | ) | |
| **Warden TIMOTHY SALES,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

United States Magistrate Judge Charles H. Weigle recommends transferring this action and all pending motions to the United States District Court for the Northern District of Georgia, Atlanta Division. Doc. 5. Petitioner William Burke objected. Doc. 6. Pursuant to 28 US.C. § 636(b)(1), the Court reviewed de novo the portions of the Recommendation to which Burke objects.

Burke moves for relief under Federal Rule of Civil Procedure 60. Doc. 1. Liberally construed, Burke appears to be challenging the judgment of the United States District Court for the Northern District of Georgia denying his federal habeas corpus petition related to a state court conviction from the Superior Court of DeKalb County, Georgia. *Id*. at 3; *see also* Doc. 5 at 2-3. The Magistrate Judge concluded that this Court was "not the most appropriate forum for hearing Petitioner's claims" for two reasons. Doc. 5 at 3-4. First, Rule 60 "does not generally permit one federal district court to revisit the orders of another federal district court" and Burke had "not alleged any exceptional circumstances" that applied to his case and warranted "a departure

from that general rule." *Id*. at 3.  Second, although Burke claimed his Rule 60 motion was not a successive habeas petition, "whether Petitioner's Rule 60(b) motion is actually a successive § 2254 petition" is more properly resolved by the court in which the first § 2254 petition was filed (i.e., the Northern District of Georgia).  *Id*. at 4.

Burke objects to the Magistrate Judge's recommendation that this action be transferred to the Northern District of Georgia "because the rulings of that Court are alleged to be contrary to the binding rulings" of the Eleventh Circuit and Supreme Court. Doc. 6 at 1.  Thus, Burke claims that the United States District Court for the Northern District of Georgia cannot "be impartial" and he "doesn't trust that Court will do the requisite intensive review of the state habeas court's procedural bars." *Id*.  Burke's conclusory allegation that the Northern District of Georgia is incapable of impartiality is insufficient to demonstrate an "exceptional circumstance" that would justify departure from the typical rule that one federal district court cannot revisit the orders of another federal district court.  *See Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 394 (5th Cir. 2001).  Additionally, Burke does not address the Magistrate Judge's second argument, that Burke's Rule 60 motion challenging his habeas petition is more appropriately resolved by the court in which the first habeas petition was filed.

As a result, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 5) is **ADOPTED** and made the Order of the Court.  Accordingly, this action and all pending motions are **TRANSFERRED** to the United States District Court for the Northern District of Georgia, Atlanta Division**.**

**SO ORDERED**, this 19th day of March, 2024.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT